Marc JONES, Appellant,

v.

Mayor Anthony WILLIAMS, Appellee.

No. 03–CV–252.

District of Columbia Court of Appeals.

Argued Oct. 20, 2004.

Decided Nov. 24, 2004.

Gregory L. Lattimer, Washington, DC, for appellant.

Michael F. Wasserman, Assistant Attorney General for the District of Columbia, with whom Robert J. Spagnoletti, Attorney General for the District of Columbia, and Edward E. Schwab, Deputy Attorney General, were on the brief, for appellee.*

Before WAGNER, Chief Judge, REID, Associate Judge, and NEBEKER, Senior Judge.

PER CURIAM:

■ This appeal came on for decision and was argued by counsel. On consideration thereof, and of the record on appeal and the briefs of the parties, it appears that appellee agrees that the stated basis for the trial court's dismissal of the complaint (failure to exhaust an administrative remedy) was error. Appellee argued to the trial court that the Comprehensive Merit Personnel Act provided a necessary avenue for initial administrative relief. In his brief in this court, and for the first time, appellee states that, since appellant is an exempted employee, the Act has no

* At the time the appellee's brief was filed, the titles of Mr. Spagnoletti, Mr. Schwab, and Mr. Wasserman were Corporation Counsel, Acting Deputy Corporation Counsel, and Assistant Corporation Counsel respectively. Since that time, however, the Mayor of the District of Columbia has issued an executive order redesignating the Office of the Corporation Counsel as the Office of the Attorney General for the District of Columbia. See Mayor's Order No. 2004–92, 51 D.C. Reg. 6052 (May 26, 2004) (citing D.C.Code § 1–204.22(2) & (11) (2001)). See also Office of the Attorney General, Office Order No. 20024–28 (May 27, 2004).

application to him. Since appellee relied on that Act in his motion to dismiss, and failed to recognize the exemption for exempted employees until his brief was filed in this court, we are unpersuaded by his argument that appellant, who likewise overlooked that provision, has thus waived and is precluded from reliance on the exemption.

■ Appellee, nonetheless, argues that he possessed absolute immunity from suit, and that we should affirm the dismissal on that ground—a ground argued to the trial court along with four other grounds—none of which were addressed in the order of dismissal.

We decline appellee's invitation to decide the question of absolute immunity in the first instance. The complaint, when taken as true, makes allegations of fact that may go beyond the so called "outer perimeter" [1] of the appellee's official duties. *See* paragraph 14 of the complaint alleging that statements by appellee were "designed to deflect adverse political pressure from himself . . . [and] were made solely for the personal benefit of the Mayor . . . ." Appellee cites no case upholding a claim of absolute immunity for defamatory statements allegedly made solely for personal benefit by an elected political leader. Nor has this court found any. Accordingly, the judgment dismissing the complaint for failure to exhaust an administrative remedy is reversed and this case is remanded for consideration and action as the trial court deems appropriate on the remaining issues presented in the motion to dismiss. D.C.Code § 17–306 (2001).

*So ordered.*

---

1. *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959).